# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 19, 2013

Lyle W. Cayce
Clerk

No. 12-20742
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TRANQUILINO SALAZAR-ESPINOZA, also known as Tranquilino Salazar, also known as Tranquilino Salazar Espinoza, also known as Tranquelino Espinoza-Salazar, also known as Tranquilo Salazar-Espinoza, also known as Rodolfo Patino Gonzalez, also known as Tranquilino Espinoza,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CR-183-1

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Tranquilino Salazar-Espinoza (Salazar) appeals the 57-month sentence imposed on his guilty plea conviction for reentering the United States illegally. *See* 8 U.S.C. § 1326. He contends that the district court committed procedural error in the calculation of his guidelines sentencing range and also that it

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

imposed a substantively unreasonable sentence after declining to grant him a downward departure or a variance.

Salazar fails to show that the district court miscalculated his guidelines range. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Salazar does not address U.S.S.G. § 4A1.1(d), on which the district court relied, and he cites no authority for the proposition that it was improper to add criminal history points because, in his view, he was not on supervised release when he reentered, having been removed to Mexico before his prison term ended. Salazar was still under a criminal justice sentence for a prior crime when he reentered, and active supervision was unnecessary for application of the Guideline. *See* § 4A1.1, comment. (n.4).

Additionally, we reject the contention that Salazar was entitled to a downward departure or a variance. In our caselaw, a departure is a sentence that falls outside the initially calculated guidelines range but is authorized by one or more provisions of the Sentencing Guidelines, while a variance is a sentence that is not so authorized. *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008). Because nothing indicates that the district court was of the mistaken belief that it was not free to depart, we are without jurisdiction to review the claim that it abused its discretion by not granting a downward departure. *See United States v. Lucas*, 516 F.3d 316, 350 (5th Cir. 2008). Nevertheless, we may review Salazar's sentence for reasonableness. *See United States v. Nikonova*, 480 F.3d 371, 375 (5th Cir. 2007), *abrogation on other grounds recognized by United States v. Delgado-Martinez*, 564 F.3d 750, 752 (5th Cir. 2009).

The district court's reasons for its sentence comport with sentencing considerations established by Congress. *See* 18 U.S.C. § 3553(a). Moreover, being within the properly calculated guidelines range, Salazar's sentence is entitled to a presumption of reasonableness. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). Even crediting the account that Salazar's only

reason for reentering the United States was to help an infirm brother, the record provides insufficient basis for us to forgo applying that presumption and to substitute another sentence for that selected by the district court. *See Gall*, 552 U.S. at 52.

AFFIRMED.